## ISBELL *vs.* THE STATE.

See Hays vs. the State, ante page

HENDRICK, for the appellant :

The court erred in refusing to instruct the jury as requested by the defendant; also in giving instructions which were objected to by defendant.

Where it is charged in the indictment, that the persons to whom the liquor is sold, are unknown to the grand jury, this averment amounts to an allegation that the persons to whom the liquor is sold, are persons whom the grand jury do not know; that they are strangers to the grand jury. Therefore, upon the trial, if it appear that the persons to whom the liquor was sold, are persons known to the grand jury, the variance is fatal and the defendant ought to be acquitted. A different doctrine would subject the defendant to be tried; and convicted upon two indictments for the same offence; for it might well happen that one witness would testify to the grand jury of a selling of liquor to persons unknown to the witness, and of whom he could not testify, and upon that testimony, a bill like the present be found; and afterwards another witness would testify to the grand jury of the same case and give the names of the persons to whom the liquor was sold. In such cases, a man would, according to the doctrine that prevailed in the circuit court, be tried and punished in both cases and for one single act.

STRINGFELLOW, Att'y. Gen'l. for the State :

1. It was not necessary to aver to whom the liquor was sold, or that it was sold to persons unknown. State vs. Buford 11 Mo. Rep. In that case no such account was made.

2. It will hardly be insisted that a party charged with selling to a person unknown to the grand jury, is to be acquitted on its appearing that he also sold to some person known to them.

Judge BIRCH, delivered the opinion of the court :

As this case depends precisely upon the same question that was passed upon by this court during its recent term at St. Louis, the opinion in that case, (Hays vs. the State) need only be referred to as embodying sufficient reasons for affirming the judgment of the circuit court in the present one. It is accordingly affirmed.